GOCIO *v.* LINDSEY.

4-7534                                    185 S. W. 2d 265

Opinion delivered February 12, 1945.

*Jeff Rice* and *E. W. Brockman,* for appellant.

*Claude Duty,* for appellee.

GRIFFIN SMITH, Chief Justice. Litigants in *Gocio* v. *Gocio,* 206 Ark. 579, 177 S. W. 2d 742, were primarily the heirs and widow of B. L. Gocio. A study of the case as reflected by the record then presented is sufficient to sustain the contention of Vol T. Lindsey that as attorney for the estate (employed by Co-Executor Charles Gocio

with Probate Court approval) he did a vast amount of work, extending over more than six years. The judgment appealed from in 1944 included an allowance of $10,000. The opinion contains this statement:

"Lindsey, in testifying for himself, declined to answer when asked what fee had been paid him, or would be paid, by any of the appellees for legal services rendered, the explanation being that this involved a confidential relationship."

We held that if full disclosure had been made the trial Court would have been in position to better judge whether any of the payments appellant Joseph Gocio assumed had been passed to Lindsey should be considered in mitigation of the maximum then contended for. On remand Lindsey testified that $12,500 would be a reasonable charge; that appellate work was greater than he had anticipated, and that he had been hindered and unnecessarily delayed, to the prejudice of the estate. Attorneys of note, when called as witnesses, estimated the services to be worth from $12,500 to as much as $20,000, the figures varying in proportion to individual views regarding actual values of assets yet to be realized upon.

The Court found, upon testimony given by Lindsey, that assets recovered for the estate, which probably would have been lost but for the attorney's successful representation of his clients, amounted to $134,886.18 as of March 12, 1944. A fee of $15,000 was allowed, from which was subtracted $3,076.30 paid by the widow for Lindsey's representation in procuring dower. The net judgment was $11,923.70. Lindsey testified that Mrs. Gocio, since July 1939, had made the payments referred to, and that with the exception of a $1,200 retainer, payments had been on the basis of ten per cent. of rents she collected from the Denver (Colo.) property.

We agree with what the trial Court seemingly had in mind: the overlapping interests were such that these payments should be regarded as having been for the primary object of requiring Joseph Gocio to settle, hence

it was appropriate that they be taken from the gross fee. It is also our view that the original allowance of $10,000 was a proper fee and that the increase of $5,000 has not been justified.

Appellant takes the position that Lindsey's employment was by individual claimants and thinks the estate should be wholly freed of liability. Estate liability was determined in the last appeal and it is the law of the case.

The judgment is modified as indicated, and as so reduced it is approved for the unpaid balance of $6,923.70.